## JAMES H. MEANS
### V.
## SANDERS M. EARLS.

1. FAILURE OF GUARDIAN TO INSURE—LIABILITY.—The failure of a guardian to insure, even when he had trust funds with which he might effect the insurance, would not, under all circumstances, render him personally liable for subsequent loss by fire. But it would depend upon the inquiry whether or not, upon the circumstances of the particular case, he was guilty of culpable or gross negligence.

2. SAME.—Where, at the time of the assumption of the guardianship, the house in question, which was a frame one in the outskirts of the village, detached from any other, and was occupied by tenants at a small rental, was not insured, and the guardian insured it for three years, and although he had trust funds in his hands, did not renew the policy at the expiration of the three years, and six months later the house burned. *Held*, that the proofs in this case do not disclose such gross negligence as to charge the guardian personally for the loss of the house.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 10, 1884.

Messrs. HOSMER & HOSMER, for appellant; cited 2 Kent's Com. 228; Reeve on Domestic Relations, 2 Ed. n. 2, p. 322.

Mr. J. A. WATTS, for appellee.

BAKER, J. This is an appeal from the final settlement of appellant as the guardian of appellee.

The ward owned a house and lot in the outskirts of the town of Nashville; the house being isolated from other buildings, occupied by tenants at six dollars per month, and worth four or five hundred dollars.

At the time of the assumption of the guardianship, there was no insurance on the premises. Subsequently the appellant insured the house to the amount of $300, for a period of three years, and in his final settlement, he charges his ward with the premiums paid. Some fourteen months after the

expiration of the policy the house was destroyed by fire; the guardian all the while having had money of the ward in his hands, with which he might have kept up the insurance.

The sole question at issue is as to the legal liability of appellant, under the circumstances of the case, to compensate appellee for the loss. The court below held him liable, and rendered judgment against him in that regard for $350.

In the absence of any statute imposing upon the guardian the duty of insuring the property of the ward, we may properly refer to some of the general principles of the law bearing upon the subject of the duties and liabilities of trustees.

A trustee must use the same care for the safety of the trust property and for the interests of the *cestui que trust*, that he uses for his own property and interests. 1 Perry on Trusts, Sec. 441. .

A guardian is bound to use ordinary prudence and diligence in the management of his ward's estate, and is liable for losses incurred through culpable indifference and negligence. 3 Wait's Actions and Defences, 560.

Where a trustee exercises such prudence, care and diligence as men of ordinary prudence, care and diligence manifest in like matters of their own, he should not be held accountable for losses happening from his management of the trust property. Miller v. Proctor, 20 Ohio St. 442. All that a court requires of trustees is common skill, prudence and caution; and a guardian is not liable beyond what he receives unless in case of gross negligence; and when he acts as others do with their own property, and in good faith, he is not liable. Neff's Appeal, 57 Penn. St. 91; Taylor v. Benham, 5 Howard, 233. He is bound to employ such diligence and such prudence in the care and management of the trust property as, in general, prudent men of discretion and intelligence in such matters employ in their own like affairs. Taylor v. Hite, 61 Mo. 142.

We may remark that a guardian, acting in good faith, would probably, under most circumstances, be justified in insuring the property of his ward and charging him with the premium. See 2 Perry on Trusts, Secs. 485 and 487. But

it does not necessarily follow that the failure of the guardian to insure, even when he has trust funds with which he might effect the insurance, would, under all like circumstances, render him personally liable for a subsequent loss by fire. It would depend upon the consideration whether, under the circumstances of the particular case, there was an absence of ordinary care and prudence; in other words, upon the inquiry whether or not he was guilty of culpable or gross negligence. The mere fact the guardian himself, of his own motion, had insured the house for three years, did not impose upon him the absolute duty of continuing such insurance; and the circumstance, there had been no loss in these three years during which he had expended the ward's money for premiums, probably influenced him, in connection with the other facts, to drop the insurance.

The house was a frame, was in the outskirts of the town, was detached from other buildings, and was occupied by tenants at a small rental. We are unable to say that common and ordinary prudence absolutely demanded it should be insured, and that a failure to insure was culpable or gross negligence.

It is probable that some prudent men would, while other equally prudent men would not have insured. Had there been an order of the county court directing an insurance, and a non-compliance with such order, then the conclusion might be otherwise. So, also, there are cases where the trustee would be liable, were he to permit a policy already upon the property, when he assumes the trust, to be forfeited for non-payment of premiums; and there may be cases where such a state of facts exists as to make it the imperative duty of the guardian or trustee to effect an insurance.

The negligence to charge the guardian, must affirmatively appear; and we are unable to conclude from the proofs there was such want of ordinary prudence, care and diligence, and such supine and gross negligence as under the general rule respecting the liability of trustees would charge this guardian. See Neff's Appeal, *ante*. It would be bad policy to impose upon guardians and administrators, liabilities and burdens of

an onerous and doubtful character, as it would greatly tend to discourage fit and responsible persons from assuming such trusts.

We think it was error to charge appellant with the $350 in question.

The judgment is reversed and the cause remanded.

Reversed and remanded.